IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**MICHAEL L. WARNER,**                                              6:12-CV-00761-BR

        Plaintiff,                                        OPINION AND ORDER

v.

**CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration**[1],

        Defendant.


**ALAN STUART GRAF, P.C.**
316 Second Road
Summertown, TN 38483
(931) 964-3123

        Attorney for Plaintiff

**S. AMANDA MARSHALL**

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this case.  No further action need be taken to continue this case by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405.

1 - OPINION AND ORDER

United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**JORDAN D. GODDARD**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2733

       Attorneys for Defendant

**BROWN, Judge.**

Plaintiff Michael L. Warner seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, the Court **AFFIRMS** the decision of the Commissioner.

## ADMINISTRATIVE HISTORY

Plaintiff filed applications for Supplemental Security Income (SSI) and DIB on October 20, 2008, and alleged a

2 - OPINION AND ORDER

disability onset date of January 10, 1999. Tr. 141-50.[2] Plaintiff's claim for SSI benefits was denied on October 27, 2008, due to excessive income ($942.00 per month). Tr. 81-88. That determination was not appealed.

Plaintiff's application for DIB was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on November 2, 2010. Tr. 31-78. At the hearing Plaintiff was represented by an attorney. Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on November 17, 2010, in which he found Plaintiff was not disabled because he could perform his past relevant work as a security guard and protective officer as he had performed the jobs. Tr. 20. That decision became the final decision of the Commissioner on February 23, 2012, when the Appeals Council denied Plaintiff's request for review. Tr. 1-4.

On April 30, 2012, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

## BACKGROUND

Plaintiff was born on August 3, 1950, and was 60 years old at the time of the November 2010 hearing. Tr. 141. Plaintiff

---

[2] Citations to the official transcript of record filed by the Commissioner on January 30, 2012, are referred to as "Tr."

3 - OPINION AND ORDER

has a high-school education.  Tr. 38, 189.  Plaintiff has past relevant work experience as a protective officer, a finish carpenter, and a security guard.  Tr. 251.

Plaintiff alleges disability due to degenerative neck disease, arthritis, shoulder problems, carpal tunnel, bone spurs, lower-back problems, and acid reflux.  Tr. 183.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.,*

4 - OPINION AND ORDER

682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

    The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

**I.   The Regulatory Sequential Evaluation**

    At Step One the claimant is not disabled if the Commissioner

determines the claimant is engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete

6 - OPINION AND ORDER

incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since his January 1, 2007, amended onset date. Tr. 15.

7 - OPINION AND ORDER

At Step Two the ALJ found Plaintiff has the severe impairments of degenerative disc disease of the cervical spine, minimal degenerative disc disease of the lumbar spine, remote history of mild chondromalacia of the right knee, and remote history of right-shoulder rotator-cuff repair. *Id.*

At Step Three the ALJ concluded Plaintiff's impairments do not meet or equal the criteria for any Listed Impairment from 20 C.F.R. part 404, subpart P, appendix 1. The ALJ found Plaintiff has the RFC to perform light work except reaching overhead bilaterally, and he can occasionally stoop, kneel, crouch, crawl, and climb ladders, ropes, or scaffolds. Tr. 16.

At Step Four the ALJ concluded Plaintiff is able to perform his past relevant work as a protective officer as actually performed and a security guard as actually and generally performed. Tr. 20.

## DISCUSSION

Plaintiff contends the ALJ erred (1) when he found Plaintiff less than fully credible and (2) when he failed to further develop the record.

**I. Credibility**

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir.

8 - OPINION AND ORDER

1995). *See also Vasquez v. Astrue,* 547 F.3d 1101, 1104 (9th Cir. 2008). The ALJ's findings, however, must be supported by specific, cogent reasons. *Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir. 1998). *See also Holohan v. Massanari,* 246 F.3d 1195, 1202 (9th Cir. 2001). Unless there is affirmative evidence that shows the claimant is malingering, the Commissioner's reason for rejecting the claimant's testimony must be "clear and convincing." *Reddick,* 157 F.3d at 722. The ALJ must identify the testimony that is not credible and the evidence that undermines the claimant's complaints. *Id.* The evidence upon which the ALJ relies must be substantial. *Id.* at 724. *See also Holohan,* 246 F.3d at 1208. General findings (*e.g.*, "record in general" indicates improvement) are an insufficient basis to support an adverse credibility determination. *Reddick,* 157 F.3d at 722. *See also Holohan,* 246 F.3d at 1208. The ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony. *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir. 2002).

When deciding whether to accept a claimant's subjective symptom testimony, "an ALJ must perform two stages of analysis: the *Cotton* analysis and an analysis of the credibility of the claimant's testimony regarding the severity of her symptoms." *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996).

> Under the *Cotton* test, a claimant who alleges disability based on subjective symptoms "must produce objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Bunnell,* 947 F.2d at 344 (quoting 42 U.S.C. § 423(d)(5)(A) (1988)); *Cotton,* 799 F.2d at 1407-08. The *Cotton* test imposes only two requirements on the claimant:(l) she must produce objective medical evidence of an impairment or impairments; and (2) she must show that the impairment or combination of impairments *could reasonably be expected to* (not that it did in fact) produce some degree of symptom.

*Smolen,* 80 F.3d at 1282 (emphasis in original). *See also Carmickle v. Comm'r Soc. Sec. Admin.,* 533 F.3d 1155, 1160 (9th Cir. 2008).

The ALJ found Plaintiff not credible to the extent that his allegations exceed the ALJ's evaluation of Plaintiff's RFC. Tr. 20. The ALJ found the objective evidence does not support the degree of limitation alleged, and Plaintiff's daily activities imply more functional capacity than Plaintiff described. Tr. 19. The ALJ noted: "It appears that the claimant has a tendency to overstate his problems." Tr. 19. A tendency to exaggerate and to make inconsistent statements are valid considerations when determining credibility. *Tonapetyan v. Halter,* 242 F.3d 1144, 1148 (9th Cir. 2001).

### A. Neck Pain

The ALJ noted Plaintiff "repeatedly referred to having a broken neck[,] . . . but the evidence shows only a minimal

compression fracture at T12." *Id.* In December 2008 DeWayde Perry, M.D., noted:

> The claimant also suffered a fracture of his neck in a motor vehicle collision between 1978 and 1980, but he was apparently not diagnosed until 15 years later. He was diagnosed with degenerative disk disease of the cervical spine and at that time was noted to have a fracture of the C-spine. He says the neck pain is constant and it produces tensing in his muscles of the arms and increased pains. He says that rest and sleep will decrease his pain as well as obtaining some relief from over-the-counter medications.

Tr. 283.

Dr. Perry noted Plaintiff has pain and a reduced range of motion in his neck. Tr. 285.

In December 2008 x-rays of the lumbosacral spine showed "[n]o compression fracture, disc space narrowing or pars defect is seen. Minor anterior hypertrophic spurring at L2-3 and L3-4 is present. Minimal old compression deformity of 12 is seen." Tr. 291.

In August 2010 David Zollinger, M.D., examined Plaintiff to establish care. Dr. Zollinger noted Plaintiff "gets a degenerative disk disease in his cervical spine after a fractured neck which flares after prolonged driving." Tr. 321.

On this record the Court finds the ALJ validly considered the conflicting evidence of Plaintiff's neck pain complaints when he assessed Plaintiff's credibility.

11 - OPINION AND ORDER

**B. Lower-Back Pain**

The ALJ noted Plaintiff "complains of significant right leg pain caused by sciatica; however, imaging studies clearly showed that the condition of his lower back is within normal limits for an individual his age." Tr. 19.

Plaintiff testified he injured his lower back in 2003 and had not sought or received treatment because he did not have any insurance. Tr. 50-51. He reclines when sitting to keep pressure off of his lower back and believes he can sit only three hours in an eight-hour period. Tr. 47, 60.

In December 2008 x-rays of the lumbosacral spine and right hip were "within normal limits for age." Tr. 291. In August 2010 Plaintiff reported to Dr. Zollinger that he "has had right hip pain with some sciatica-type symptoms which took three months to recover from about a year ago. Now it bothers him when he does heavy lifting." Tr. 321.

On this record the Court finds the ALJ properly considered the conflicting evidence of Plaintiff's back pain when he assessed Plaintiff's credibility.

**C. Vision**

The ALJ noted Plaintiff "informed the providers at Volunteers in Medicine that he was losing his vision, but testing revealed that he had 20/30 visual acuity on the left and 20/20 visual acuity on the right." Tr. 19. Richard Barnhart, M.D.,

12 - OPINION AND ORDER

examined Plaintiff in September 2010. Tr. 319. Dr. Barnhart noted Plaintiff "says his vision is bad. He wants an eye check. When I offered just reading glasses he said that his eyes are different and he wants a more extensive checkup." Tr. 319. The ALJ accurately noted the vision test results.

At the vision screening on October 1, 2010, Plaintiff reported "more difficulty reading/seeing things up close than from a distance." Tr. 318.

On this record the Court finds the ALJ properly considered the evidence of Plaintiff's vision complaints when he assessed Plaintiff's credibility.

### D. Gastroesophageal Reflux Disease (GERD)

The ALJ noted Plaintiff "claimed that his GERD was severe enough to suggest pre-Barrett's syndrome, but prior medical records revealed no evidence of any abnormalities other than a history of mild gastritis." Tr. 19.

Steven N. Butt, M.D., diagnosed Plaintiff with Barrett's Esophagus and Gastroesophageal Reflux in December 2000. Tr. 282.

In May 2004 Dr. Butt recorded Plaintiff came in for a comprehensive examination with concerns about skin lesions, Reflux, and Barrett's Syndrome. Tr. 279. Dr. Butt noted Plaintiff "is convinced that this is a life-threatening problem." Tr. 279.

In August 2010 Plaintiff reported to Dr. Zollinger that he

13 - OPINION AND ORDER

"has been advised to get every-two-year EGDs to rule out Barrett's because of some scarring changes seen on a past scope." Tr. 321. A September 2010 note indicates an upper endoscopy showed mild chronic gastritis but no evidence of Barrett's Syndrome or pre-Barrett's Syndrome. Tr. 319.

On this record the Court finds the ALJ properly considered the contradictory evidence of the severity of Plaintiff's GERD when he assessed Plaintiff's credibility.

### E. Daily Activities

In March 2009 Plaintiff saw Dr. Butt for complaints of pain in both shoulders. Tr. 269. Plaintiff said he had been wrestling with his teenage son "approximately a year ago" when he felt pain in his left shoulder. Tr. 269.

The ALJ found Plaintiff's allegations of disabling pain inconsistent with his activities "such as wrestling with his son, which should have been extremely painful if not impossible for him to perform if his subjective complaints are accurate." Tr. 19.

The Commissioner points out that this wrestling match occurred six months before Plaintiff filed his application for disability benefits, but after his amended alleged disability onset date of January 1, 2007. This fact was a valid consideration by the ALJ when he assessed Plaintiff's credibility.

14 - OPINION AND ORDER

### F. Objective Medical Evidence

An examining physician's opinion that a claimant's ability to work is not objectively limited undermines the claimant's credibility. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004). Dr. Perry examined Plaintiff in December 2008. Tr. 283-87. Dr. Perry found Plaintiff has a reduced range of motion and pain in his neck, normal range of motion with some pain in both shoulders, and reduced deep tendon reflexes in his knees. Tr. 285-86. He also found Plaintiff has normal range of motion in his back, normal range of motion in his knees, full motor strength in his extremities, and normal results in straight-leg-raising tests. Thus, the Court finds on this record that the objective medical evidence supports the ALJ's determination that Plaintiff's subjective complaints are not entirely credible.

In summary, the Court finds the ALJ provided clear and convincing reasons supported by substantial evidence in the record for finding Plaintiff less than fully credible as to his symptoms.

## II. Development of the Record

Plaintiff argues the ALJ should have ordered a second consultative examination to further evaluate Plaintiff's physical impairments. Plaintiff contends the ALJ relied on outdated medical records and imaging studies unsuitable for determining

15 - OPINION AND ORDER

the nature of any soft-tissue injuries.

The ALJ has an independent duty to fully and fairly develop the record and to ensure that the Plaintiff's interests are considered. *Tonapetyan v. Halter,* 242 F.3d 1144, 1150 (9th Cir. 2001). The ALJ's duty to develop the record is triggered when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation. *McLeod v. Astrue,* 640 F.3d 881, 885 (9th Cir. 2011).

The Court finds the record before the ALJ was not ambiguous. In December 2008, almost two years after Plaintiff's amended onset date, Plaintiff was sent to
Dr. Perry for a consultative examination as noted. Dr. Perry formed an opinion about Plaintiff's functional limitations without indicating that he needed further clinical data. Tr. 287. Although Plaintiff points out that Dr. Perry did not have the benefit of reviewing the x-rays taken after the examination, Plaintiff's argument fails because those x-rays do not indicate greater limitations than those identified by Dr. Perry.

In addition, Plaintiff received medical care in 2010, and those medical records were part of the record before the ALJ. Tr. 19, 315-30.

On this record, the Court finds Plaintiff's argument that the ALJ relied on outdated medical records is not accurate.

16 - OPINION AND ORDER

**CONCLUSION**

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 31st day of May, 2013.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge